## 10575

FREDERICK *ET AL.* v. BROWN *ET AL.*

(106 S. E. 30)

APPEAL AND ERROR—DISCRETION IN REFUSING TO GRANT INJUNCTION
PENDENTE LITE NOT REVIEWED.—Where appellants failed to satisfy
the Supreme Court that a county Judge erroneously exercised his
discretion in refusing to grant an injunction pendente lite, the
appeal will be dismissed.

Before WHALEY, J., County Court, Richland, November, 1919. Appeal dismissed.

Action by N. J. Frederick and others against T. W. Brown, Grand Chief of State Grand Lodge No. 4, Independent Order of Good Samaritans and Daughters of Samaria, for an injunctioin. From order refusing to grant the injunction and dissolving the temporary restraining order the plaintiffs appeal.

The order appealed from is as follows:

The order of this Court, dated November 21, 1919, directing T. W. Brown, Grand Chief, and D. S. Green, Grand Secretary, to show cause why they should not be restrained and enjoined during the pendency of this action from removing the office of Grand Secretary of the Good Samaritans and Daughters of Samaria of State Grand Lodge No. 4 from the City of Columbia, S. C., to the City of Charleston, S. C., and in the meantime restraining them from so doing, was made returnable before this Court on November 28th, at which time defendants appeared with counsel and the matter was argued at length. After hearing counsel, both for plaintiff and for defendant, the matter was taken under advisement and carefully considered.

A Court of Equity is cautious in interfering with the internal regulation of a private organization, and will only do so in a case of this character where the act complained of is clearly ultra vires.

The principal inquiry here is : has the organization exceeded or gone beyond its authority ? Its charter provides no situs for its principal place of business. With that silent, through its representative form of government it could have made provision therefor, and in the 'absence of such action, its officers had the power to establish such situs anywhere within the State, at least subject to no action on the part of a Court of Equity.

Has such provision been made ? The only action in reference thereto is a resolution of October 18, 1917, whereby the Grand Lodge passed a resolution authorizing the purchase of a building, to be known as the "Headquarters Building." It appears that pursuant to that resolution a building was purchased in this city, but the record shows that same has not to this date been used as headquarters, and, in fact, has been and is now rented out to private parties for the purpose of help meeting the expense of the purchase.

Two issues now present themselves. First, was the action of the Grand Lodge, above mentioned, such as to actually establish headquarters here ? Second, if that be affirmatively ascertained, then did the Executive. Committee, by its resolution of November 19, 1919, wherein it allowed the Grand Secretary to remove his office to Charleston, S. C., at his own expense and for no definite time, annul the previous action of the Grand Lodge?

As to the first, there is no doubt by that the establishing of a building for use as headquarters, can mean nothing more than that it is to be occupied by the officers transacting the business of the Grand Lodge. The building was to be purchased for that purpose, but there is nothing in the record to show that the Grand Lodge or the Executive Committee have ever established the said officers therein, or instructed them to so use it; in fact, the building has up to

this time been used solely for other purposes, and except for what may be an intended future use, there is nothing to indicate that headquarters have ever been established in the said building. The Court cannot force that to be done which has not already been clearly and explicitly done by the Order itself, acting through its regular channels of authority. If proper authorities have left a doubt as to how the Order's affairs are to be conducted, this Court will not attempt to resolve that doubt by way of injunction, itself a drastic remedy.

But even if it be assumed that such building has been in fact authorized and adopted for the purposes for which it was undoubtedly intended to be used some time in the future, after October 18, 1917, what bearing, if any, has the latter action of the Executive Committee upon that intention? It was contended that such committee has no right to annul, or in the least change the force and effect of, any action on the part of the Grand Lodge. That would be true, did the record herein show such limitation on that committee's power. But it does not. There is nothing to indicate to the Court what its powers are. It certainly has some, otherwise there would be no reason for its existence. The Court will assume, therefore, until the contrary be proven, or a limitation on its authority be shown, that it acted within and not without its duly delegated powers.

Furthermore, in the absence of evidence showing wherein it may act, common experience teaches us that unless there is a limitation of power, an executive committee, regardless of what the name may techncally imply, has, during the interim of adjournment of the appointing or electing body, whether the same be the Grand Lodge or the entire Order itself in meeting assembled, delegated powers coextensive with that of such appointing or electing body. Its general duty, in such case, is not merely to supervise, but to take

charge of, conduct, and to make rules and regulations regarding the business of its care. It is not for Court to place a limitation, for each case might require a different limitation, and equity would not know where to stop. The organization must place its own limitation by its Constitution or its By-Laws or else anticipate that equity will imply to such a committee the usual and customary authority. As such committee had acted, and its act does not appear to be ultra vires, no member of the Order can complain. The petition for an injunction pendente lite is therefore dismissed, and the restraining order discharged.

AND IT IS SO ORDERED.

M. S. WHALEY,

Presiding Judge.

*Messrs. N. J. Frederick* and *Butler J. Nance,* for appellants, cite: *Error to dissolve temporary injunction on affidavits:* 54 S. C. 457. *Such injunctions should be continued when essential to the assertion and preservation of plaintiff's rights, and when he has no other adequate remedy at* law; 51 S. C. 433; 69 S. C. 156; High on Injunctions, (4th Ed.) Sec. 1508-9-10-12. *Columbia has been place of business for* 40 *years.* 14 C. J. 339, 341, 342: *Members of the organization may enjoin unauthorized removal of the office: High on Injunctions,* 4th Ed. Sec. 1223c.

*Messrs. Melton* & *Belser and Edw. L. Craig,* for respondents, cite: *Matter complained of is one of internal regulation and will not be disturbed by the Courts:* 29 Cyc. 199. *Courts will rarely interfere with exercise of discretionary powers in corporate bodies:* 20 N. Y. Supp. 437. *Must exhaust remedies within the order before appealing to the Courts:* 30 N. Y. Supp. 885. *Removal must produce injury and violate rights of plaintiffs to entitle them to injunction:* Code Proc. 1912, Sec. 270. *Court will not grant injunction pendente lite unless it is reasonably essential to protect legal*

*rights of plaintiff* : 86 S. C. 162.  *Charter does not name Co-lumbia as principal place of business* : 17 Stat. 880

February 28, 1921.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for the sole purpose of an injunction. The facts are stated in the order of his Honor the County Judge, who refused the application for a temporary injunction; and the plaintiffs appealed.  They have failed to satisfy this Court that his Honor the County Judge erroneously exercised his discretion in refusing to grant the injunction pendente lite.

Appeal dismissed.